JL

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Price,<br><br>    Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV 18-02322-PHX-DGC (DMF)<br><br><br>**ORDER** |

On July 23, 2018, Plaintiff Michael Price, who is confined in the Arizona State Prison Complex-Yuma, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis. In a July 27, 2018 order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days either to pay the filing and administrative fees or file a complete Application to Proceed and a certified six-month inmate trust account statement. On August 20, 2018, Plaintiff filed a new Application to Proceed (Doc. 5). The Court will order Defendant Banning to answer Count One of the Complaint and will dismiss Defendants Ryan and Corizon and Count Two without prejudice.

**I. Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $16. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income

credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,

342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**III. Complaint**

In his two-count complaint, Plaintiff sues Arizona Department of Corrections Director Charles L. Ryan, Corizon Medical ("Corizon"), and Correctional Officer Banning. Plaintiff asserts two claims of Eighth Amendment deliberate indifference and seeks injunctive and monetary relief.

In Count One, Plaintiff alleges that during a quarterly search of his unit, he was patted down and then directed to go through "the magneto polls." Plaintiff asserts that he informed the officer that he had a pacemaker and was told to go to Defendant Banning, who had the handheld metal detector. Plaintiff claims that when he approached Banning, Plaintiff told him that he had a pacemaker and that was the reason Plaintiff was sent to him. Plaintiff alleges that he had his hand over his pacemaker while Banning repeatedly waved the metal detector over Plaintiff's chest area. Plaintiff asserts that he told Banning again that he had a pacemaker, and Banning "kept asking [Plaintiff] what was this." Plaintiff claims that he asked Banning "why did he keep doing that but he offered no response." Plaintiff alleges that since then, he has had extreme chest pain and his pacemaker has not been functioning properly. Plaintiff asserts that Banning's actions have subjected him to "an unwarranted great degree of pain and suffering" and this was "a deliberate form of cruel and unusual punishment" and a "form of excessive force by way of a metal detector." As his injury, Plaintiff claims that his health has deteriorated, he has suffered continuous chest pain, and his pacemaker is not functioning correctly.

In Count Two, Plaintiff alleges that shortly after he started experiencing chest pain as a result of Defendant Banning's actions, Plaintiff submitted "a couple" of Health Needs Requests to Defendant Corizon. Plaintiff asserts that Corizon denied him the right to see a cardiologist, but "perseverance by way of one of the nurses eventually got [Plaintiff] an appointment" with a doctor. Plaintiff claims that the doctor informed him

that as a result of the metal detector being waved over Plaintiff's pacemaker, the pacemaker was damaged, which resulted in the chest pain. As his injury, Plaintiff alleges that Corizon's failure to get Plaintiff medical attention in a timely manner caused unwarranted pain and suffering.

**IV.    Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.    Defendant Ryan**

There is no respondeat superior liability under § 1983, and therefore a defendant's position as a supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Defendant Ryan personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Plaintiff makes no allegations at all against Ryan. Thus, the Court will dismiss without prejudice Defendant Ryan.

**B.    Defendant Corizon**

To state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts

to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). A plaintiff must allege the specific policy or custom and how it violated his constitutional rights. A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights. *See Tsao*, 698 F.3d at 1138-39; *Buckner*, 116 F.3d at 452.

Plaintiff has not alleged that his injuries resulted from a policy, decision, or custom promulgated or endorsed by Corizon. Accordingly, Plaintiff has failed to state a claim against Corizon, and this Defendant will be dismissed.

**V.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated a threat-to-safety claim against Defendant Banning in Count One. The Court will require Defendant Banning to answer Count One.

**VI.    Warnings**

**A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a

certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 5) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $16.

(3) Count Two is **dismissed** without prejudice.

(4) Defendants Ryan and Corizon are **dismissed** without prejudice.

(5) Defendant Banning must answer Count One.

(6) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Banning.

(7) Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 90 days of the

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

| | |
|---|---|
|1| filing of the Complaint or within 60 days of the filing of this Order, whichever is later, |
|2| the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii). |
|3| (9) The United States Marshal must retain the Summons, a copy of the |
|4| Complaint, and a copy of this Order for future use. |
|5| (10) The United States Marshal must notify Defendant of the commencement of |
|6| this action and request waiver of service of the summons pursuant to Rule 4(d) of the |
|7| Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this |
|8| Order. **The Marshal must immediately file signed waivers of service of the** |
|9| **summons. If a waiver of service of summons is returned as undeliverable or is not** |
|10| **returned by Defendant within 30 days from the date the request for waiver was sent** |
|11| **by the Marshal, the Marshal must**: |
|12| (a) personally serve copies of the Summons, Complaint, and this Order |
|13| upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; |
|14| and |
|15| (b) within 10 days after personal service is effected, file the return of |
|16| service for Defendant, along with evidence of the attempt to secure a waiver of |
|17| service of the summons and of the costs subsequently incurred in effecting service |
|18| upon Defendant. The costs of service must be enumerated on the return of service |
|19| form (USM-285) and must include the costs incurred by the Marshal for |
|20| photocopying additional copies of the Summons, Complaint, or this Order and for |
|21| preparing new process receipt and return forms (USM-285), if required. Costs of |
|22| service will be taxed against the personally served Defendant pursuant to Rule |
|23| 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the |
|24| Court. |
|25| (11) **If Defendant agrees to waive service of the Summons and Complaint,** |
|26| **Defendant must return the signed waiver forms to the United States Marshal, not** |
|27| **the Plaintiff.** |
|28| |

TERMPSREF

- 7 -

(12)     Defendant Banning must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13)     This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 17th day of September, 2018.

*David G. Campbell*
David G. Campbell
Senior United States District Judge